VIRGINIA F. MILSTEAD (SBN 234578)
virginia.milstead@skadden.com
KHALED B. ABBAS (SBN 335086)
khaled.abbas@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600

SUSAN L. SALTZSTEIN (*admitted pro hac vice*)
susan.saltzstein@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone:   (212) 735-3000
Facsimile:   (212) 735-2000

*Attorneys for Defendant*
RAN POLIAKINE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID (DOVID) SCHICK, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>NANO X-IMAGING LTD., an Israeli corporation, NANOX IMAGING PLC, a Gibraltar corporation, NANO-X IMAGING, INC., a Delaware corporation, RAN POLIAKINE, and DOES 1-10,<br><br>                    Defendants. | Case No.: 2:21-CV-08529-DSF-AGR<br><br>**RAN POLIAKINE'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2), 12(b)(6), 9(b), AND FORUM NON CONVENIENS**<br><br>Judge:  Hon. Dale S. Fischer<br>Ctrm:  7D<br>Date:   April 25, 2022<br>Time:  1:30 p.m. |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................. i

I.   PRELIMINARY STATEMENT ............................................................ 1

II.  THIS COURT LACKS PERSONAL JURISDICTION OVER MR.
     POLIAKINE ........................................................................................ 2

     A.   The Purposeful Availment Analysis Applies To All Plaintiff's
          Claims ......................................................................................... 2

     B.   Mr. Poliakine Has Not Purposefully Availed Himself Of The
          Privilege Of Doing Business In California ................................ 3

     C.   Plaintiff Has Not Shown That Mr. Poliakine Purposefully
          Directed His Activities At California ........................................ 4

     D.   Personal Jurisdiction Over Mr. Poliakine Would Be
          Unreasonable .............................................................................. 5

     E.   Jurisdictional Discovery Is Unnecessary. ................................. 7

III. PLAINTIFF MUST BRING THIS ACTION IN GIBRALTAR ............. 7

IV.  PLAINTIFF'S MISREPRESENTATION CLAIMS ARE BARRED
     BY THE STATUTE OF LIMITATIONS .............................................. 9

V.   PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUD OR
     MISREPRESENTATION .................................................................. 10

     A.   Plaintiff Fails To Allege An Actionable Misrepresentation ........ 10

     B.   Plaintiff Fails To Allege Causation And Injury ........................ 12

VI.  CONCLUSION .................................................................................. 12

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*AMA Multimedia, LLC v. Sagan Ltd.*,
     No. CV-16-01269-PHX-DGC,
     2020 WL 4284364 (D. Ariz. July 27, 2020)...........................................................9

*AMA Multimedia, LLC v. Sagan Ltd.*,
     807 F. App'x 677 (9th Cir. 2020) ..........................................................................9

*Asahi Metal Industry Co. v. Superior Court*,
     480 U.S. 102 (1987).................................................................................................6

*Axiom Foods, Inc. v. Acerchem International, Inc.*,
     874 F.3d 1064 (9th Cir. 2017) ...........................................................................4, 5

*Boschetto v. Hansing*,
     539 F.3d 1011 (9th Cir. 2008) ............................................................................3, 7

*Cansino v. Bank of America*,
     224 Cal. App. 4th 1462 (2014) .........................................................................1, 10

*Colyer v. AcelRx Pharmaceuticals, Inc.*,
     No. 14-CV-04416-LHK,
     2015 WL 7566809 (N.D. Cal. Nov. 25, 2015) ....................................................10

*Creative Healthcare Solutions, Inc. v. Broadreach Med Resources, Inc.*,
     No. CV 08–1789–GW(CAx),
     2008 WL 11342911 (C.D. Cal. July 28, 2008) .................................................2, 5

*Data Disc, Inc. v Systems Technology Associates, Inc.*,
     557 F.2d 1280 (9th Cir. 1977) ................................................................................6

*Dole Food Co. v. Watts*,
     303 F.3d 1104 (9th Cir. 2002) ................................................................................5

*Dotson v. Europharma, Inc.*,
     No. 2:20-cv-09651-AB-AGR,
     2021 WL 4826611 (C.D. Cal. May 27, 2021)......................................................11

*Expeditors International of Washington Inc. v. Cadena Santillana*,
     No. 2:20-00349-RAJ-BAT,
     2020 WL 10088717 (W.D. Wash. Oct. 26, 2020)..................................................6

*FDIC v. British-American Insurance Co.*,
    828 F.2d 1439 (9th Cir. 1987) ................................................................. 6

*Finsa Portafolios, S.A. de C.V. v. OpenGate Capital, LLC*,
    No. 2:17-CV-04360-RGK-E,
    2017 WL 6882888 (C.D. Cal. Sept. 26, 2017) .................................... 8

*Golden Valley Grape Juice & Wine, LLC v. Centrisys Corp.*,
    No. CV F 09-1424 LJO GSA,
    2010 WL 347897 (E.D. Cal. Jan. 22, 2010) ...................................... 8

*Goldman v. U.S. Transport & Logistics, LLC*,
    No. 17-cv-00691-BAS-NLS,
    2017 WL 6541250 (S.D. Cal. Dec. 20, 2017) .................................. 8

*Hardy v. Advocare International L.P.*,
    No. 2:09–cv–01307–JHN–PJWx,
    2010 WL 11509179 (C.D. Cal. Dec. 10, 2010) ................................ 8

*Imageline, Inc. v Hendricks*,
    No. CV 09–1870 DSF (AGRx),
    2009 WL 10286181 (C.D. Cal. Aug. 12, 2009) ............................... 7

*Johnson v. UBS AG*,
    No. 2:20-cv-00357-MCS-JC,
    2020 WL 6826477 (C.D. Cal. Nov. 12, 2020), *aff'd*, 860 F. App'x 531 (9th
    Cir. 2021) ...................................................................................... 4

*Lambert v. Technology Resource Solutions, Inc.*,
    No. LACV 18-1114-VAP (RAOx),
    2018 WL 5919211 (C.D. Cal. Aug. 22, 2018) ............................. 8, 9

*LeGarie v. Nurse*,
    No. 21-cv-04739-JCS,
    2021 WL 5771144 (N.D. Cal. Dec. 6, 2021) .................................... 6

*Manetti-Farrow, Inc. v. Gucci America, Inc.*,
    858 F.2d 509 (9th Cir. 1988) ........................................................... 8

*Martinez v. Perlite Institute, Inc.*,
    46 Cal. App. 3d 393 (1975) ............................................................. 6

iii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Novian & Novian, LLP v. Wireless Xcessories Group, Inc.,*
     No. 2:20-CV-11715-CAS-Ex,
     2021 WL 1577786 (C.D. Cal. Apr. 19, 2021) ........................................... 5

*Parallel Media, LLC v. D&M Capital Group, LLC,*
     No. CV 10–05666 MMM (FFMx),
     2011 WL 13217278 (C.D. Cal. May 31, 2011) ........................................ 6

*Picot v. Weston,*
     780 F.3d 1206 (9th Cir. 2015) ................................................................ 5

*Plaksin v. NewSight Reality, Inc.,*
     No. 2:19-cv-00458-RGK-SS,
     2019 WL 4316255 (C.D. Cal. Apr. 30, 2019) ......................................... 3

*Service by Medallion, Inc. v. Clorox Co.,*
     44 Cal. App. 4th 1807 (1996) ................................................................. 2

*Stichting Pensioenfonds ABP v. Countrywide Financial Corp.,*
     802 F. Supp. 2d 1125 (C.D. Cal. 2011) ................................................... 3

*UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.,*
     117 F. Supp. 3d 1092 (C.D. Cal. 2015) ................................................. 12

*Walden v. Fiore,*
     571 U.S. 277 (2014) ........................................................................ 1, 4, 5

*Westgate v. Coloplast Corp.,*
     No. CV 18-3431 DSF (RAOx),
     2018 WL 9492182 (C.D. Cal. Dec. 3, 2018) ..................................... 2, 11

*Wickline v. United Micronesia Development Ass'n, Inc.,*
     No. C 14–00192 SI,
     2014 WL 2938713 (N.D. Cal. June 30, 2014) ......................................... 2

*Yan Guo v. Kyani, Inc.,*
     311 F. Supp. 3d 1130 (C.D. Cal. 2018) ................................................... 8

# I.    **PRELIMINARY STATEMENT**

Plaintiff's Opposition does not address, much less rebut, multiple dispositive arguments in Mr. Poliakine's motion to dismiss ("Motion"). Instead, the Opposition shines a light through the holes in Plaintiff's basis for filing untimely claims in this forum, and makes clear that Plaintiff cannot allege an adequate factual basis for any of his claims.

*First*, Plaintiff's effort to base personal jurisdiction on nothing more than the fact that Mr. Poliakine sent him three emails fails. (Opp. 9.) The Supreme Court has been clear: "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Instead, Plaintiff must show that Mr. Poliakine created a "substantial connection" *with California itself. Id.* at 284. Plaintiff makes no such showing. In fact, his Opposition completely ignores the requirement to do so.

*Second*, Plaintiff's attempt to renege on his promise to litigate in Gibraltar fails. For the reasons stated in Nanox's motion and reply, the forum selection clause is mandatory and enforceable. Plaintiff argues that the forum selection clause does not cover tort claims; this contradicts the plain language of the clause. (*See* Compl. Ex. B § 6.5 (any claim "relating to this Agreement"); Annex B § 8 ("any dispute between the Parties").) Plaintiff's argument that Mr. Poliakine, a non-signatory to the 2015 Agreement, cannot enforce the forum selection clause also fails. (Opp. 20-21.) Plaintiff has not alleged a single thing Mr. Poliakine supposedly did that was unrelated to Plaintiff's contractual relationship with Nanox.

*Third*, Plaintiff's claims are time barred. Plaintiff's assertion that he did not discover his claims until Nano-X Israel went public in 2020 rings hollow. He does not explain how Nano-X Israel's IPO somehow alerted him that Mr. Poliakine's unrelated statements from four or five years earlier were false. Moreover, Plaintiff "must plead facts showing that he was not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Cansino v. Bank of Am.*, 224 Cal. App. 4th 1462, 1472 (2014). Plaintiff has made no attempt to meet this burden.

*Fourth*, Plaintiff has not sufficiently plead any misrepresentation. Rather than

1    alleging "what is false or misleading about [the] statement[s], and why [they are] false"
2    *Westgate v. Coloplast Corp*., 2018 WL 9492182, at *2 (C.D. Cal. Dec. 3, 2018), Plaintiff
3    argues that it is enough that he state that the misrepresentations are false, solely on
4    information and belief, without further explanation. (Opp. 22-23.) Plaintiff is wrong as a
5    matter of law. *See id.* at *3.

6         *Finally*, Plaintiff cannot allege that Mr. Poliakine proximately caused his injury.
7    (Opp. 23-24.) Plaintiff argues he relied on Mr. Poliakine's statements, but his only alleged
8    injury was caused, not by Plaintiff's detrimental reliance, but by an alleged breach of
9    contract. *See Serv. by Medallion, Inc. v. Clorox Co.*, 44 Cal. App. 4th 1807, 1818-19
10   (1996). The Opposition fails to address this argument. Plaintiff fails to state a claim.

11   **II.    THIS COURT LACKS PERSONAL JURISDICTION**

12        **A.    The Purposeful Availment Analysis Applies To All Plaintiff's Claims[1]**

13        When an action asserts both contract and tort claims arising "out of the plaintiff's
14   contractual relationship with the defendant," courts apply the "purposeful availment" test
15   to assess personal jurisdiction. *Wickline v. United Micronesia Dev. Ass'n, Inc.*, 2014 WL
16   2938713, at *5 (N.D. Cal. June 30, 2014). As the Motion shows, although Plaintiff asserts
17   fraud and negligent misrepresentation claims against Mr. Poliakine, those claims arise out
18   of his contract with Nanox and seek damages for breach of that contract. Thus, his action
19   primarily sounds in contract, and purposeful availment applies. (Mot. 7:4-13.)

20        In his Opposition, Plaintiff does not dispute that this action sounds primarily in
21   contract or address the law Mr. Poliakine cited. In the one case Plaintiff cites to support
22   use of the purposeful direction test, the court did not distinguish between the two tests or
23   expressly consider which test to apply. *See Creative Healthcare Sol., Inc. v. Broadreach
24   Med Res., Inc.*, 2008 WL 11342911, at *3-5 (C.D. Cal. July 28, 2008) (first describing
25   personal availment test, then describing purposeful direction test, but referring to it as
26   personal availment). Therefore, the Court should apply the purposeful availment test.

27
28   [1] Plaintiff does not argue that general personal jurisdiction is appropriate over Mr.
     Poliakine, who is not a resident of California. (Opp. 9)

2

**B.    Mr. Poliakine Has Not Purposefully Availed Himself Of The Privilege Of Doing Business In California**

Under the purposeful availment test, a plaintiff must show that the defendant "purposefully availed itself of the privilege of doing business in the forum." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). To meet that standard, "a defendant must have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Id.* Although Plaintiff references "purposeful availment" several times in his reply, he does not explain how Mr. Poliakine's alleged contacts satisfy this test. (Opp. 9).

For example, while Plaintiff's declaration now estimates that Mr. Poliakine traveled to California nine times in three years to conduct "business for Nanox and other companies" (Schick Decl. ¶ 20), Plaintiff supplies no details about what Mr. Poliakine did during this travel. Plaintiff does not explain how the travel equated to Mr. Poliakine availing himself of the benefits of doing business in California—especially when Nanox had no operations, sold no products, and provided no services in California (Poliakine Decl. ¶ 3)—or how the travel related to Plaintiff's claims. *See Plaksin v. NewSight Reality, Inc.*, 2019 WL 4316255, at *7 (C.D. Cal. Apr. 30, 2019) (that defendants "traveled to California on some occasions does not, by itself, establish purposeful availment").

Similarly, Plaintiff does not respond to (and therefore concedes) Mr. Poliakine's arguments that (i) his negotiation of the 2014 Agreement on behalf of Nanox (Mot. 8:11-9:12) or (ii) Plaintiff's decision to discharge his duties from California or engage consultants in California (Mot. 9:13-21) do not constitute purposeful availment by Mr. Poliakine. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver."). Instead, the only argument Plaintiff makes in support of personal jurisdiction is that Mr. Poliakine sent Plaintiff three emails while Plaintiff claims to have been in California. (Opp. 10:8-18.) As set forth in the Motion (Mot. 9:22-10:10) and below, section II.C, this is insufficient.

3

### C.      Plaintiff Has Not Shown That Mr. Poliakine Purposefully Directed His Activities At California

Plaintiff has also not shown that Mr. Poliakine purposefully directed his activities at California. A defendant purposefully directs his activities at the forum if he: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017).

Plaintiff argues that "wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state" may constitute conduct "expressly aimed at the forum state." (Opp. 9:27-10:2.) This is an outdated formulation. As the Ninth Circuit observed in *Axiom*: "[T]he Supreme Court [in *Walden v. Fiore*, 571 U.S. 277 (2014)] rejected [the Ninth Circuit's earlier] conclusion that the defendants' knowledge of the plaintiff's strong forum connections plus the foreseeable harm the plaintiffs suffered in the forum, comprised sufficient minimum contacts." *Axiom*, 874 F.3d at 1069-70. That "approach impermissibly allow[ed] a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis." *Id.* at 1070. Instead, the Ninth Circuit now requires that purposeful direction include the defendant's "suit-related conduct" that "create[d] a substantial connection with California," not just a connection with the plaintiff. *Id.*

Here, Plaintiff's basis for personal jurisdiction hinges on three emails that Mr. Poliakine sent to Plaintiff, a California resident. (Opp. 10:8-20.) However, as shown in the Motion (Mot. 9:22-10:10, 10:25-11:10)—and as the Opposition ignores—this impermissibly attempts to base jurisdiction on *Plaintiff's* contacts with California, rather than *Mr. Poliakine's*. *See Johnson v. UBS AG*, 2020 WL 6826477, at *4 (C.D. Cal. Nov. 12, 2020) (that defendant communicated with plaintiff while plaintiff was in California connected defendant to plaintiff, "not to California specifically"). Plaintiff must point to Mr. Poliakine's "contacts with the forum State itself," not his contacts with Plaintiff. *See Axiom*, 874 F.3d at 1068.

The cases Plaintiff cites are outdated, distinguishable, or both. In *Creative*

*Healthcare* (Opp. 10:24-26)—a case decided before both *Walden* and *Axiom*—the court found jurisdiction because the defendant made alleged misstatements to the plaintiff while he "presumably knew (or should be charged with knowing) that Plaintiff was a California corporation." *Creative Healthcare*, 2008 WL 11342911, at \*4. However, basing jurisdiction solely on the defendant's knowledge of the plaintiff's connection with the forum is impermissible under current law. *See Walden*, 571 U.S. at 285, 289 (rejecting jurisdiction based on knowledge of plaintiff's "strong forum connections").

In *Novian & Novian, LLP v. Wireless Xcessories Group, Inc.*, 2021 WL 1577786, at \*5 (C.D. Cal. Apr. 19, 2021) (Opp. 10:21-24), the defendant not only "sent emails and made phone calls to" a California plaintiff but also "flew to Los Angeles, California to provide further assurances that payment was forthcoming." *Id.* Here, Plaintiff does not allege that Mr. Poliakine made any of the allegedly fraudulent statements while physically in California. And to the extent the *Novian* court permitted jurisdiction to hinge purely on the defendant's knowledge that the plaintiff was a California resident, the court relied on outdated cases decided before both *Walden* and *Axiom. Id.* at \*6 (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1110-11 (9th Cir. 2002) and *Creative Healthcare*).

Even if Plaintiff had shown conduct "expressly aimed at the forum state"—and he has not—Plaintiff does not show that Mr. Poliakine knew that any harm was "likely to be suffered in the forum state." *Axiom*, 874 F.3d at 1069. Rather, the alleged harm Plaintiff claims is entirely personal to him, and "would follow him wherever he might choose to live or travel." *Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015); (Mot. 11:11-21). Plaintiff fails to address this argument in his Opposition and therefore concedes it.

## D.   Personal Jurisdiction Over Mr. Poliakine Would Be Unreasonable

The exercise of jurisdiction also does not comport with fair play and substantial justice. *First*, Mr. Poliakine's "purposeful interjection" consists only of three emails to a California resident and negotiating a contract, from Israel, on behalf of a Gibraltar entity. (Mot. 12; Opp. 12.) None of the cases Plaintiff cites involved contacts so limited. *See Novian*, 2021 WL 1577786, at \*6-7 (defendant made statements in person in California);

5

*Data Disc, Inc. v Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284, 1287-88 (9th Cir. 1977) (defendant negotiated contract in California, visited California five times in connection with the contract, and supplied one if its own engineers to work with plaintiff in California); *Martinez v. Perlite Inst., Inc.*, 46 Cal. App. 3d 393, 401-03 (1975) (defendant promoted itself in California and derived substantial revenues from California).

*Second*, Plaintiff ignores the "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system" and the conflict this matter creates with Israel and Gibraltar, to which the Court should afford "significant weight." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 114 (1987); *see also FDIC v. British-Am. Ins. Co.*, 828 F.2d 1439, 1444 (9th Cir. 1987) (reasonableness undermined when "defendant is a resident of a foreign nation, the subject of the controversy is a Fiji corporation, and the contract designates Fiji law"); *LeGarie v. Nurse*, 2021 WL 5771144, at *10 (N.D. Cal. Dec. 6, 2021) (Opp. 13) (noting need for "[g]reat care and reserve" when expanding personal jurisdiction internationally). Plaintiff suggests that Mr. Poliakine would experience minimal burden because, before the pandemic, he travelled to California, and now he can participate in proceedings via Zoom. (Opp. 13.) This argument ignores both that Mr. Poliakine has limited his overseas travel since the pandemic (Poliakine Decl. ¶¶ 6-7), and that there is a 10-hour time difference between Los Angeles and Israel. Mr. Poliakine should not be forced to choose between international travel during the pandemic or participating in proceedings from Israel at night. *See Expeditors Int'l of Wash. Inc. v. Cadena Santillana*, 2020 WL 10088717, at *8 (W.D. Wash. Oct. 26, 2020) (jurisdiction over foreign defendant was unreasonable in light of pandemic).

*Third*, Plaintiff argues that California has a strong interest in protecting plaintiffs who are "tortiously injured." (Opp. 13.) Plaintiff has not alleged any tortious injury. As shown below, part V.B, he alleges only contract damages arising from a contract governed by Gibraltar law. *See FDIC*, 828 F.2d at 1444 (forum's interest is reduced when foreign law controls); *Parallel Media, LLC v. D&M Cap. Grp., LLC*, 2011 WL 13217278, at *23 (C.D. Cal. May 31, 2011) (California's interest reduced given the "limited nature of the

1   connection between the state and the contracts at issue").

2         *Fourth*, Plaintiff argues that "most of the evidence is in California" (Opp. 12),

3 pointing to witnesses who "will testify regarding the treatment of warrants and issuance

4 in Nanox Israel," the "development of the technology," or "the relationship between

5 Nanox Israel and Nanox Gibraltar." (Schick Decl. ¶¶ 21-22.) None of these witnesses is

6 relevant to Plaintiff's claim that Mr. Poliakine made misrepresentations about GE, Nanox

7 funding, or deferred compensation. The majority of the *relevant* witnesses are located in

8 Israel, Japan and Gibraltar, not California. (Poliakine Decl. ¶¶ 9-10.)

9         *Finally*, an alternative forum exists. As shown below and in Nanox's motion, a

10 mandatory forum selection clause requires Plaintiff to pursue his claims in Gibraltar. *See*

11 *Imageline, Inc. v Hendricks*, 2009 WL 10286181, at *6 (C.D. Cal. Aug. 12, 2009)

12 (jurisdiction unreasonable where alternative forums exist). Because all the factors weigh

13 in Mr. Poliakine's favor, exercise of personal jurisdiction would be unreasonable.

14        **E.**    **Jurisdictional Discovery Is Unnecessary**

15         "Discovery may be appropriately granted where pertinent facts bearing on the

16 question of jurisdiction are controverted or where a more satisfactory showing of the facts

17 is necessary." *Boschetto*, 539 F.3d at 1020. Plaintiff has not explained how he meets this

18 standard, what discovery he needs or why he needs it. Therefore, the Court should reject

19 Plaintiff's request for jurisdictional discovery.

20   **III.**   **PLAINTIFF MUST BRING THIS ACTION IN GIBRALTAR**

21         This Court should also enforce the forum selection clause. Contrary to the

22 Opposition—and as explained in Nanox's Motion to Dismiss and Reply, in which Mr.

23 Poliakine joins and incorporates by reference—the forum selection clause is mandatory

24 and does not deprive Plaintiff of any fundamental rights. (Opp. 14-19.) Plaintiff's

25 argument that Mr. Poliakine cannot enforce the forum selection clause also fails.

26         First, contrary to Plaintiff's argument, his tort claims fall within the scope of the

27 forum selection clause. (Opp. 20.) As Plaintiff's own authority states, "[t]he scope of the

28 claims governed by the forum-selection clause depends upon the language used in the

clause." *Lambert v. Tech. Res. Sols., Inc.*, 2018 WL 5919211, at *3 (C.D. Cal. Aug. 22, 2018) (Opp. 20:22-24). "[P]rovisions that include or add phrases such as 'relating to' and 'in connection with' (collectively referred to as 'relating to' language) have a broader reach." *Id.* Similarly, clauses that apply to "any dispute" include non-contract claims. *See Golden Valley Grape Juice & Wine, LLC v. Centrisys Corp.*, 2010 WL 347897, at *8 (E.D. Cal. Jan. 22, 2010) (clause applying to "any dispute" is "broadly worded").

Here, the forum selection clause contains "relating" language and applies to "any dispute" and thus has an inclusive reach. (*See* Compl. Ex. B § 8 ("[A]ny action . . . relating to this Agreement, or to its breach, shall be commenced in the state of Gibraltar . . . ."); *see also* Annex B § 8 (courts of Gibraltar have "sole and exclusive jurisdiction over any dispute between the Parties")). Indeed, courts regularly interpret fraud claims as "relating to" the contract at issue. *See, e.g.*, *Finsa Portafolios, S.A. de C.V. v. OpenGate Cap., LLC*, 2017 WL 6882888, at *7 (C.D. Cal. Sept. 26, 2017) (fraud claims related to provisions within the agreement or statements made while negotiating); *Goldman v. U.S. Transp. & Logistics, LLC*, 2017 WL 6541250, at *8 (S.D. Cal. Dec. 20, 2017) (fraudulent inducement to accept employment related to employment agreement).

The cases Plaintiff cites deal with forum selection clauses that contained narrower language. For example, the clause in *Yan Guo v. Kyani, Inc.*, 311 F. Supp. 3d 1130, 1141 (C.D. Cal. 2018) (Opp. 20:27-28), applied only to claims "to interpret or enforce the terms" of the agreement. Similarly, in *Hardy v. Advocare Int'l L.P.*, 2010 WL 11509179, at *3 (C.D. Cal. Dec. 10, 2010) (Opp. 21:5-6), the court interpreted the word "hereunder" to apply only to the "contractual rights and obligations" under the agreement. Here, the forum selection clause contains no such limiting language.

Second, contrary to Plaintiff's suggestion, Mr. Poliakine does not stake his right to enforce the forum selection clause as a non-signatory on "the relationship of the parties." (Opp. 20.) Instead, as the Motion makes clear, Mr. Poliakine can enforce the clause because his alleged conduct is "closely related to the contractual relationship." *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988). Plaintiff

1   alleges that Mr. Poliakine made statements to induce him to enter into the contract and

2   defer payment due under the contract, and Plaintiff seeks only one type of damages—

3   compensation under the contract. (Mot. 15:3-16:2.)

4        The cases Plaintiff cites point to no different conclusion. The decision in *AMA*

5   *Multimedia, LLC v. Sagan Ltd.*, 807 F. App'x 677, 679 (9th Cir. 2020) (Opp. 20:11-12),

6   simply restates that a non-signatory whose conduct is "closely related to the contractual

7   relationship" may enforce the forum selection clause—the same rule Mr. Poliakine

8   applied in his Motion. The decision in *AMA Multimedia, LLC v. Sagan Ltd.*, 2020 WL

9   4284364, at *3 (D. Ariz. July 27, 2020) (Opp. 20:14-17), is distinguishable because there,

10  none of the alleged copyright infringement "occurred in connection with [the]

11  agreement." Likewise, the claims in *Lambert*, 2018 WL 5919211, at *4 (Opp. 20:22-26),

12  stemmed from sexual harassment and discrimination, not the contract itself. Here, in

13  contrast, Plaintiff makes no allegations against Mr. Poliakine that are unrelated to

14  Plaintiff's contractual relationship with Nanox. Thus, the forum selection clause applies.

15  **IV.   PLAINTIFF'S MISREPRESENTATION CLAIMS ARE BARRED BY THE**

16  **STATUTE OF LIMITATIONS**

17       Plaintiff's claims are barred by the three-year statute of limitations. Plaintiff's *only*

18  argument is his conclusory statement that his claims did not accrue until "less than two

19  years ago" because he was "not aware of the falsity of these representations until [Nano-

20  X Israel] went public in or about August 2020." (Opp. 22.) This argument fails.

21       First, Plaintiff fails to explain how Nano-X Israel's going public revealed the

22  supposed falsity of Mr. Poliakine's representations. (Mot. 17:17-18:1.) While Nano-X

23  Israel's IPO may have revealed its financial condition at the time of the IPO, Plaintiff does

24  not allege it revealed (i) that GE had not partnered with Nanox; (ii) that Nanox did not

25  have $5 million in 2016; (iii) that "accounting" had not "reached out" to Mr. Poliakine in

26  2016; or (iv) that Mr. Poliakine had not intended for Nanox to pay Plaintiff at the time the

27  parties discussed it. Thus, Plaintiff has not alleged, as he must, the "the time and

28  surrounding  circumstances  of  the  discovery"  of  Mr.  Poliakine's  alleged

1  misrepresentations. *See Cansino*, 224 Cal. App. 4th at 1472. Plaintiff's Opposition ignores
2  this argument and therefore concedes it.

3      Second, Plaintiff fails to plead facts showing he "was not negligent in failing to
4  make the discovery sooner" and had no "actual or presumptive knowledge of facts
5  sufficient to put him on inquiry." *Id*. Plaintiff does not, and cannot, dispute that he must
6  meet this pleading burden. Nor does he dispute that, as CTO, he was in a position to
7  discover that there was no partnership with GE or $5 million in funding, or that he could
8  have inquired any time in the three years after he agreed to defer his compensation about
9  his payment. (Mot. 18:2-19:11.) Instead, Plaintiff's Opposition ignores this argument.
10  Plaintiff's claims are not timely.

11  **V.   PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUD OR**
12  **      MISREPRESENTATION**

13      **A.   Plaintiff Fails To Allege An Actionable Misrepresentation**

14      Plaintiff also fails to allege his fraud and misrepresentation claims with sufficient
15  particularity. *First*, Plaintiff pleads no facts to support that Mr. Poliakine's March 9, 2014
16  email created an impression the GE was partnering or seriously considering a relationship
17  with Nanox. (Mot. 20:10-26.) Plaintiff argues that the phrase "good team" in the email
18  Mr. Poliakine forwarded created "the impression of being a team." (Opp. 22:17.)
19  However, the email first refers to the "GEGR team" as distinct from "our team." (Schick
20  Decl. Ex. 6 at 5.) It then says, "I am proud of our engineers" and "aren't we a good team
21  who is moving the big company pushing them from every angle in concert." (*Id.*) It is
22  clear that the "good team" is Nanox's team, moving GE, "the big company." It does not
23  suggest GE and Nanox were a team, let alone that GE was considering a partnership with
24  Nanox. The Court need not adopt Plaintiff's strained interpretation of the statement.
25  *Colyer v. AcelRx Pharms., Inc.*, 2015 WL 7566809, at *6 (N.D. Cal. Nov. 25, 2015)
26  (dismissing claim that defendant made a false "impression" when it was "not a reasonable
27  interpretation of Defendants' statements").

28      *Second*, Plaintiff fails to allege sufficiently that the statement, "we have managed

10

to secure $5M in funding" was false. Plaintiff argues that it is enough that he simply state on information and belief that Nanox "had not secured $5,000,000 in funding" because the "scope of the funding" is within the defendants' knowledge and Plaintiff has "pled what he knows at this time." (Opp. 22-23.) The law requires more. Even "with respect to matters within the opposing party's knowledge"—which, given his CTO position, Plaintiff has failed to allege this was (Compl. ¶ 44)—the plaintiff must plead the "factual basis for [his] belief." *Westgate*, 2018 WL 9492182, at *3. If Plaintiff believes Nanox "had not secured $5,000,000 in funding" (Opp. 22:27-28), he must state what facts, if any, he knows that make him believe that. Plaintiff has not done so.

Also, Plaintiff fails to allege "what is false or misleading about [the] statement" and "why it is false." *Westgate*, 2018 WL 9492182, at *2. Instead, Plaintiff merely quotes the statement and alleges the opposite in conclusory terms. This is insufficient. *See Dotson v. Europharma, Inc.*, 2021 WL 4826611, at *6 (C.D. Cal. May 27, 2021) (dismissing claim that statement about pain reliever was false because "the Products do not relieve pain"). Plaintiff's Opposition makes no effort to argue to the contrary.

*Third*, Plaintiff fails to allege sufficiently that Mr. Poliakine's statement about accounting "reach[ing] out to" him was false. (Mot. 21:13-22:10.) Plaintiff's Opposition ignores (and therefore concedes) that Mr. Poliakine did not state that accounting "solicit[ed]" or "request[ed]" anything from Plaintiff. (Compl. ¶¶ 52, 53.) Nor does Plaintiff dispute that he failed to allege "the factual basis for [his] belief" that Mr. Poliakine's statement was false. *Westgate*, 2018 WL 9492182, at *3. Instead, Plaintiff argues only that "[t]he details of how the accounting team reached out to Poliakine are known to Poliakine, not Schick." (Opp. 23:6-7.) This misses the point. Plaintiff does not need to allege the "details of how the accounting team reached out to Poliakine;" he needs to allege the factual basis for his own allegation that the accounting team did not reach out to Mr. Poliakine at all. *See Westgate*, 2018 WL 9492182, at *3 (requiring plaintiff to plead information within her knowledge). Plaintiff has not done this.

*Fourth*, Plaintiff fails to allege sufficiently that Mr. Poliakine made a false promise

11

1   to defer Plaintiff's compensation. The Complaint lacks the "time, place, and specific

2   content" of the statements. (Mot. 22:11-16.) Plaintiff argues that it is sufficient to allege

3   Mr. Poliakine made statements in the "days and weeks thereafter" and to summarize the

4   gist of the statements. (Opp. 23:11:-18.) Rule 9(b) requires more. *See UMG Recordings,*

5   *Inc. v. Glob. Eagle Ent., Inc.*, 117 F. Supp. 3d 1092, 1107 (C.D. Cal. 2015) (dismissing

6   claim when plaintiff summarized promise rather than alleged its "specific content").

7        Moreover, Plaintiff has no substantive response to (and therefore concedes) Mr.

8   Poliakine's argument that Plaintiff must, but has failed to, "plead[] facts from which it can

9   be inferred that the promisor had no intention of performing at the time the promise was

10   made." *UMG*, 117 F. Supp. 3d at 1108; (Mot. 22:17-23.14.) Instead, Plaintiff refers to his

11   conclusory allegations about Mr. Poliakine's knowledge of falsity. (Opp. 23:19-21.)

12   These are the type of allegations courts have concluded are insufficient. *See, e.g.*, *UMG*,

13   117 F. Supp. 3d at 1108 (conclusory allegations of non-performance insufficient to allege

14   promissory fraud). Plaintiff cites nothing to the contrary.

15       **B.**    **Plaintiff Fails To Allege Causation And Injury**

16        Plaintiff fails to allege that Mr. Poliakine's representations caused his injury.

17   Plaintiff argues that he would not have entered into the 2015 Agreement but for Mr.

18   Poliakine's statements. (Opp. 24:1-11.) However, Plaintiff's entering into the 2015

19   Agreement, and performing his contractual duties, are not what caused his injuries—

20   Nanox's alleged non-payment was the cause. (Mot. 23:16-25:9.) Plaintiff argues nothing

21   to the contrary. Therefore, Plaintiff fails to state a claim.

22   **VI.**   **CONCLUSION**

23        For the reasons stated herein, the Court should dismiss the Complaint.

24   DATED: April 7, 2022

25                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

26                         By:           */s/Virginia F. Milstead*

27                              VIRGINIA F. MILSTEAD
                         Attorneys for Defendant Ran Poliakine

28